UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: GARY EDWARD SASSO,      No. 7-12-14564 JA

    Debtor.

PHILIP J. MONTOYA, Chapter 7 Trustee,

    Plaintiff,

    v.      Adversary No. 15-1043 J

GARY EDWARD SASSO, DEBRA K. SASSO,
ACE ENTERPRISES, INC., and ARON FINCH,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's Motion for Partial Summary Judgment on Counts 7, 8, 9, 10, 12, and 13 of the First Amended Complaint as Relating to the 2011 Dodge ("Motion"). *See* Docket No. 54.[1] Defendants Ace Enterprises, LLC ("Ace") and Aron Finch oppose the Motion. *See* Response of Ace Enterprises, LLC and Aron Finch to Plaintiff's Motion for Partial Summary Judgement ("Response") – Docket No. 60.[2] By the Motion, Plaintiff Philip J. Montoya, Chapter 7 Trustee ("Trustee") seeks to recover as an asset of the bankruptcy estate a 2011 Dodge Ram, VIN # 3D7UT2CL0BG586598 (the "2011 Dodge"). As part of their

---

[1] The counts in the First Amended Complaint upon which the Trustee seeks summary judgment assert claims for preferential transfer, actual fraudulent transfer, and constructive fraudulent transfer under bankruptcy law and New Mexico state law:
    Preferential Transfer under 11 U.S.C. § 547 (Count 7);
    Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(A) (actual intent to hinder, delay, or defraud) (Count 8);
    Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B) (constructive fraud) (Count 9);
    Fraudulent Transfer under N.M.S.A. 1978 § 56-10-18(A)(1) (actual intent to hinder, delay, or defraud)
        (Count 10);
    Fraudulent Transfer under N.M.S.A. 1978 § 56-10-19(A) (constructive fraud) (Count 12); and
    Fraudulent Transfer under N.M.S.A. 1978 § 56-10-19(B) (insider fraudulent transfer) (Count 13).
    *See* First Amended Complaint – Docket No. 12.
[2] Plaintiff also filed a reply. *See* Plaintiff's Reply in Support of Motion for Partial Summary Judgment on Counts 7, 8, 9, 10, 12 and 13 of the First Amended Complaint as relating to the 2011 Dodge ("Reply") – Docket No. 65.

Response, Defendants assert that the Trustee's claims are time barred. *See* Response, p. 1.[3] The Court concludes that there remain genuine issues of fact regarding whether equitable tolling applies to make the complaint timely. The Court will, therefore, deny summary judgment without reaching the merits of whether the facts not subject to genuine dispute entitle Plaintiff to relief on any of his claims to recover the 2011 Dodge as an asset of the bankruptcy estate. However, the Court will grant the Trustee's request pursuant to Fed.R.Civ.P. 56(g) to treat certain undisputed facts identified in the Motion as established in this adversary proceeding.

## DISCUSSION

A. *Treating facts as established in this adversary proceeding pursuant to Fed.R.Civ.P. 56(g)*

The Motion includes a request for relief pursuant to Fed.R.Civ.P. 56(g) "to the full extent possible." Motion, p. 26. Rule 56(g), made applicable to adversary proceedings by Fed.R.Bankr.P. 7056, provides:

> If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

Fed.R.Civ.P. 56(g).

The Trustee enumerated sixty-two facts that he asserts are not subject to genuine dispute. Defendants did not specifically contest any of the numbered facts set forth in the Motion, other than fact number 33 which states that "Debra Sasso is not authorized to sign documents on behalf of Ace." Motion, ¶ 33.[4] Instead, Defendants "take issue" with certain of the Trustee's

---

[3] Defendants raise four arguments in defense of the Motion: 1) that Plaintiff has not stated any claims against Aron Finch; 2) that Plaintiff's complaint is untimely; 3) that Plaintiff has failed to show that Ace or Aron Finch are insiders of the Debtor; and 4) that Plaintiff's alternative argument that the target transfer was ineffective lacks merit. *See* Response, p. 1.

[4] To contest fact number 33, Defendants referenced Aron Finch's deposition testimony that he did consider Debra Sasso as authorized to sign for Ace in connection with the trade in and acquisition of the 2011 Dodge. *See* Response, p.3. Mr. Finch's contrary testimony is sufficient to raise an issue of fact with respect to whether Ms. Sasso had authority to sign documents on behalf of Ace.

-2-

facts to the extent they characterize Debra Sasso's deposition testimony as factually accurate. *See* Response, p. 2 ¶ D (referencing undisputed facts numbered 23 through 45). Defendants also take issue with the Trustee's statement of undisputed fact number 10 that Aron "Finch is not concerned that the Debtor will pay him back because 'he has been a very good friend.'" Motion, ¶ 10 (quoting deposition transcript of Aron Finch). Defendants do not dispute that Mr. Finch made this statement, but assert it is not relevant to the issues to be decided in this adversary proceeding.

Having reviewed the Trustee's enumerated facts and Defendants' Response, the Court finds that it is appropriate to treat all of the Trustee's enumerated facts as established for purposes of trial except for fact number 33 regarding Debra Sasso's authority to sign documents on behalf of Ace. Of the facts numbered 23 through 45, only fact number 32 and fact number 33 rely solely on the prior testimony of Debra Sasso for support. Fact number 32 states that "Debra Sasso only signed her name on the title application for the 2011 Dodge and did not write 'for Ace enterprises.'" Motion, ¶ 32. The Trustee attached a Certification of Official Records issued by the Motor Vehicle Division of the State of New Mexico for the 2011 Dodge ("2011 Dodge MVD Certification") as Exhibit J to the Motion. The 2011 Dodge MVD Certification contains several documents that reflect a signature by Debra Sasso for Ace. The Purchase Agreement shows a signature of "Debra K. Sasso for ACE enterprizes" with the initials "DS." There are two Applications for Vehicle Title and Registration which both bear the signature "Debra K. Sasso for ACE Enterprises."

Fact number 32 does not specify which of the two Applications for Vehicle Title and Registration it relates to, and does not mention the signature on the Purchase Agreement for the 2011 Dodge. Consequently, even if fact number 32 is treated as established in this adversary

-3-

proceeding, Defendants will have an opportunity at trial to question the significance or reliability of that fact based on other evidence. Similarly, at trial Defendants can question the weight, if any, the Court should give to Mr. Finch's statement that he is unconcerned with whether the Debtor repays him because the Debtor has been a good friend. The Court will, therefore, grant the Trustee's motion pursuant to Rule 56(g), and will treat Trustee's undisputed facts numbered 1 through 32, and 34 through 62, as established for all purposes in this adversary proceeding.

>B. *The limitations period for asserting preferential and fraudulent transfer claims*

Section 546 limits the Trustee's avoidance powers and serves as a statute of limitations to promote the policy of finality and to prevent the assertion of stale claims. *See Jobin v. Boryla (In re M & L Bus. Mach. Co., Inc.),* 75 F.3d 586, 590 (10th Cir. 1996) (finding that § 546 acts like a statute of limitations, and observing that one of "the policies embodied in § 546" is "to insure finality and to prevent the assertion of stale claims.") (citations omitted); *Brandt v. Gelardi (In re Shape, Inc.),* 138 B.R. 334, 337 (Bankr. D.Me. 1992) ("§ 546(a) is a true statute of limitations which . . . is simply a procedural limitation upon certain rights of a trustee"). It provides:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> (1) the later of—
>
> (A) 2 years after the entry of the order for relief; or
>
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or election occurs before the expiration of the period specified in subparagraph (A); or
>
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).

The Trustee asserted claims against Defendants under 11 U.S.C. § 547 and under 11 U.S.C. § 548, which incorporate applicable state fraudulent transfer law. Such claims are subject to 11 U.S.C. § 546. *See* 11 U.S.C. § 546(a).

Debtor filed his voluntary Chapter 7 petition on December 18, 2012. *See* Undisputed Fact No. 1. The order of relief in the Debtor's bankruptcy case is December 18, 2012. *See* 11 U.S.C. § 301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter."). The Trustee was appointed on the same date. *See* Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines – Bankruptcy Case No. 12-14564, Docket No. 2. Two years after the entry of the order for relief was December 18, 2014. One year after the appointment of the Trustee was December 18, 2013. The Debtor's bankruptcy case has not been closed or dismissed. Thus the statute of limitations for the Trustee's avoidance actions asserted against Defendants in this Adversary Proceeding ran on December 18, 2014, two years after the order for relief (i.e., the later of the two periods under § 546(a)(1)(A) and (B), and the earlier of the two periods set forth in subsections (1) and (2)). Plaintiff filed this adversary proceeding on June 5, 2015, after the expiration of the two-year limitations period. Plaintiff's claims are, therefore, time-barred, unless there is a basis to extend or toll the limitations period.

C. *The doctrine equitable tolling*

In the Tenth Circuit, the doctrine of equitable tolling applies to the limitations period found in 11 U.S.C. § 546(a). *See M & L Bus.,* 75 F.3d at 591 ("Section 546(a) is subject to the doctrine of equitable tolling.") (citation omitted). The Trustee, as the proponent of equitable tolling, has the burden of proving it should be applied. *See In re Maytorena,* 2011 WL 5509194, *7 (Bankr. D.N.M. Nov. 4, 2011) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Equitable tolling should be applied sparingly. *See United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir.2001) (per curiam ) (stating that "'[f]ederal courts have typically extended equitable relief [in the form of equitable tolling] only sparingly.'") (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d

435(1990)). For equitable tolling to apply, the Trustee must show either: 1) he was prevented from asserting his avoidance action claim because he was unaware of the claim due to fraud despite the exercise of due diligence; or 2) extraordinary circumstances beyond the Trustee's control made it impossible to file the claim on time. *M & L Bus.*, 75 F.3d at 591 ("Equitable tolling will prevent § 546 from running when the trustee, despite the exercise of due diligence, is prevented from asserting a cause of action because [he or] she remains unaware of that cause of action due to fraud, or when extraordinary circumstances beyond plaintiff['s] control made it impossible to file claims on time.") (internal quotation marks and citation omitted). *See also In re Int'l Admin. Services, Inc.,* 408 F.3d 689, 701 (11th Cir. 2005) ("'Fraudulent concealment must consist of affirmative acts or representations which are calculated to, and in fact do, prevent the discovery of the cause of action.'") (quoting *In re Lyons,* 130 B.R. 272, 280 (Bankr. N.D.Ill. 1991)).

### The fraud requirement

Generally, to satisfy the fraud requirement for equitable tolling there must be active deception that lulls the plaintiff into inaction. *See Biester v. Midwest Health Services, Inc.,* 77 F.3d 1264, 1267 (10th Cir. 1996) (addressing equitable tolling of the limitations period applicable to claims under Title VII, and observing that equitable tolling may be applied when there has been "active deception," or where a plaintiff has been "lulled into inaction" or has been "actively misled") (citations and additional internal quotation marks omitted). This standard is consistent with *Homberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946). In that case, the petitioners had a statutory claim against all shareholders of a bank arising under a federal statute. The defendant concealed his ownership of shares in the bank. The United States Supreme Court

-6-

Case 15-01043-j    Doc 80    Filed 05/02/16    Entered 05/02/16 14:58:51    Page 6 of 10

held that equitable tolling would be applied until petitioners had discovered or should have discovered the fraud by the exercise of reasonable diligence. *Armbrecht,* 327 U.S. at 396-97.

Defendants contend that the Defendants against whom the Trustee's avoidance claims have been asserted must have actively concealed the fraud or impeded the Trustee's efforts before equitable tolling may be invoked to toll the applicable statute of limitations. In the bankruptcy context, the wrongful conduct that forms the basis for equitable tolling often concerns the underlying cause of action. *See In re Maxon Eng'g Services, Inc.,* 397 B.R. 228, 230 (Bankr. D.P.R. 2008) (observing that most bankruptcy "cases considering the application of equitable tolling have involved allegations of concealment of a fraud, such as where a debtor fraudulently transfers assets and conceals the transfers"). There is a split in the case law regarding whether the defendant must have actively participated in the fraud or wrongful conduct that forms the basis for application of equitable tolling, or whether it is enough that the debtor fraudulently concealed the transfer. *Id.* (recognizing the split). The *Maxon* Court held that there must be a sufficient nexus between the fraudulent conduct and the defendant to apply equitable tolling to the limitations period set forth in Section 546(a). *Id.*

On the other hand, in *Moratzka v. Pomaville (In re Pomaville)*, 190 B.R. 632, 637 (Bankr. D.Minn. 1995), the Court held that the debtor's fraudulent concealment of the trustee's avoidance cause of action satisfies the equitable tolling fraud requirement, explaining:

> A bankruptcy case presents a rather different slant on equitable tolling. In the typical situation, it is the debtor's conduct rather than the defendant's conduct which invokes equitable tolling. In some senses, this is unfair to the defendant. On the other hand, unlike the usual civil case where a plaintiff at least has the advantage of being a party to the underlying transaction, a bankruptcy trustee must rely almost entirely on a third party (the debtor) to provide the information necessary to uncover avoidable transfers.

*Pomaville,* 190 B.R. at 637.

Because the Court denies summary judgment for a different reason, the Court need not decide whether fraudulent concealment by a debtor is sufficient where the defendant is an innocent transferee. Further, it appears that the Trustee may very well be able to satisfy the fraud requirement for application of equitable tolling regardless of which standard the Court applies.

### The due diligence requirement

The extent to which plaintiff used due diligence to discover the cause of action is measured by an objective standard. *M & L Bus.,* 75 F.3d at 591. The court therefore "may determine, as a matter of law, that trustee failed to exercise due diligence if uncontroverted evidence irrefutably demonstrates that plaintiff discovered or should have discovered fraud but, nonetheless failed to file [a] timely complaint." *Id.* (citing *In re United Ins. Mgmt., Inc.,* 14 F.3d 1380, 1385 (9th Cir. 1994)).[5]

Although the Trustee has presented substantial evidence of fraudulent concealment of the transfer of the 2011 Dodge Truck, he has not established, based on facts not subject to genuine dispute, that he could not have discovered the transfer in time to file the complaint within the limitations period without equitable tolling (i.e. on or before December 18, 2014). The Trustee discovered he had a claim to avoid the transfer when his counsel took Debra Sasso's deposition on May 5, 2015. *See* Motion, Statement of Undisputed Material Facts – ¶ 62. He has also established that the Debtor did not list any automobiles in his bankruptcy schedules, and failed to make any disclosures in his Schedules or Statement of Financial Affairs regarding preferential or fraudulent transfers, payments to insiders, gifts, or transfers of personal property outside the ordinary course of business. *See* Motion, Statement of Undisputed Material Facts – ¶¶ 50

---

[5] *See also United Ins. Mgmt.,* 14 F.3d at 1385 ("when application of equitable tolling turns on the plaintiff's diligence in discovering a case of action, courts may hold, as a matter of law, that the doctrine does not apply."); *Volk v. D.A. Davidson & Co,* 816 F.2d 1406, 1417 (9th Cir. 1987) ("reasonable diligence is tested by an objective standard") (citation omitted).

-8-

through 54. It is also undisputed that the Debtor testified under oath at his meeting of creditors that his Schedules and Statements were true and correct, that he listed everything he owned, and that he did not own any automobiles. *See* Motion, Statement of Undisputed Material Facts – ¶¶ 56, 57, and 60.

The transcript of the May 5, 2015 deposition of Debra Sasso (Motion, Exhibit H) shows the Trustee's counsel had reason to suspect that there may be a claim relating to the 2011 Dodge Truck before the deposition was taken. Exhibits to the deposition include Motor Vehicle Department records relating to the 2011 Dodge Truck and other vehicles. The Trustee's statement of facts not in genuine dispute do not address the time frame or the circumstances that prompted the Trustee's counsel to obtain those records from the Motor Vehicle Department, what prompted counsel for the Trustee to take the deposition of Debra Sasso or why the deposition or a Rule 2004 examination could not have been taken in time to file this adversary proceeding within the two-year period specified in Section 546(a). As a result, the Court cannot conclude in the context of the Motion for Summary Judgment when the Trustee could have discovered through the exercise of due diligence the facts he needed to file this adversary proceeding.

Based on the foregoing, the Court will deny the Motion. The Trustee's facts numbered 1 through 32 and 34 through 62 in the Motion are established as facts in this adversary proceeding. The Court will enter a separate order consistent with this Memorandum Opinion.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: May 2, 2016

-9-

Case 15-01043-j    Doc 80    Filed 05/02/16    Entered 05/02/16 14:58:51 Page 9 of 10

COPY TO:

Edward Alexander Mazel
Michelle Ostrye
Askew & Mazel, LLC
Attorneys for Plaintiff
320 Gold Ave S.W., Suite 300A
Albuquerque, NM 87102

George M Moore
Bonnie Bassan
Moore, Berkson & Bassan & Behles P.C.
Attorneys for Aron Finch and Ace Enterprises, LLC
3800 Osuna Rd NE, STE #2
Albuquerque, NM 87109